# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3616

_____

United States of America,

        Appellee,

    v.

John Kikuyama,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: September 17, 2010
Filed: September 22, 2010

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

After John Kikuyama was found incompetent to stand trial on federal bank robbery charges in Hawaii, he was committed under 18 U.S.C. §§ 4241 and 4246 to the custody of the Attorney General for a mental health examination to determine whether he could be released. Kikuyama was then evaluated at the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri; a panel of mental health professionals prepared a risk assessment report; and the government filed in the Western District of Missouri a commitment petition under section 4246. An independent psychological examiner thereafter prepared a second report, a hearing was conducted at which evidence was presented related to Kikuyama's mental status

and the lack of available state placement, and the district court[1] ordered Kikuyama's commitment upon finding by clear and convincing evidence that he was suffering from a mental disease or defect such that his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Kikuyama appeals, and we affirm.

Following careful review, we conclude that the district court's finding was not clearly erroneous. See 18 U.S.C. § 4246 (providing for civil commitment of person, found mentally incompetent to stand trial under § 4241(d), to Attorney General's custody for hospitalization and treatment in suitable facility if person is also found to be suffering from mental disease or defect as result of which his release would create substantial risk of bodily injury to another person or serious damage to property of another); United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002) (standard of review). Specifically, the district court's finding was supported in part by the unanimous opinions of the MCFP staff and the independent psychological examiner, as well as by evidence that Kikuyama suffered from schizophrenia, paranoid type, that he was experiencing ongoing delusions and lacked insight into his condition, and that he had a history of failing to comply with treatment and abusing alcohol. See Williams, 299 F.3d at 676-78 (affirming § 4246 commitment; noting that overt acts of violence were not required to prove dangerousness, and that individual's underlying convictions constituted evidence of potential risk of danger resulting from his skewed perception); United States v. Ecker, 30 F.3d 966, 970-71 (8th Cir. 1994) (upholding § 4246 commitment; noting that, according to doctor, factors in determining potential dangerousness include history of dangerousness, history of drug or alcohol use, identification of potential targets, previous use of weapons, recent incidents manifesting dangerousness, and history of problems taking prescribed medicines).

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

Accordingly, we affirm the district court's commitment order, we grant counsel's motion to withdraw, and we deny the pending pro se motions. We also observe that the government, in compliance with its ongoing obligation to prepare and submit reports periodically concerning Kikuyama's current mental status and the need for his continued hospitalization, <u>see</u> 18 U.S.C. § 4247(e)(1)(B), has recently submitted to the district court an updated report.

————————————————